866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Paul LAROQUE, Petitioner-Appellant,
v.
U.S. BUREAU OF PRISONS, Respondent-Appellee.
 No. 88-7653.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 23, 1988.
Decided: Jan. 27, 1989.
Rehearing Denied Feb. 21, 1989.
 
 George Paul Laroque, appellant pro se.
 James Gordon Carpenter (Office of the U.S. Attorney), for appellee.
 Before DONALD RUSSELL, WIDENER and JAMES DICKSON PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 George P. LaRoque appeals an order of the district court which dismissed his habeas corpus petition brought under 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 LaRoque first contends that he should receive credit against his sentence for time he spent in jail in Australia while a fugitive from charges in the United States. He has exhausted administrative remedies on this claim. While it is true that American authorities were seeking his return during that period, it appears from the record that LaRoque was jailed by Australian authorities because he was an illegal alien there, rather than as a consequence of his offenses in the United States. Under 18 U.S.C. Sec. 3568, the statute in effect at the time,* no credit is due LaRoque.
 
 
 3
 Second, LaRoque contends that he should receive credit against his sentence for the entire two years he spent in Australia after his passport was revoked, claiming that he was "detained" (although he was at large most of this time) because he was unable to leave Australia. LaRoque has not exhausted his administrative remedies on this claim and it was properly dismissed. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985).
 
 
 4
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the dispositive issues have recently been decided authoritatively.
 
 
 5
 AFFIRMED.
 
 
 
 *
 In support of this claim, LaRoque cites 18 U.S.C. Sec. 3585(b). This statute did not go into effect until November 1, 1987. See 18 U.S.C.A. Sec. 3585 (West Supp.1988 at 16, 29 n. 1)